THE STATE v. N. W. HARRIS, Appellant.—22 S. W. (2d) 1050.

Division Two, December 11, 1929.

*E. W. Nelson* and *J. H. Whitecotton* for appellant.

*Stratton Shartel*, Attorney-General, and *A. B. Lovan*, Assistant Attorney-General, for respondent.

142

WHITE, J.—The appeal is from a sentence, February 14, 1924, of two years in the penitentiary upon conviction of defendant for transporting "hootch, moonshine."

D.efendant lived in Moberly, in rooms over a soft-drink parlor known as the Green Tree. On December 2, 1927, McAdam, a police officer, saw a car driven along the alley and stopped near the back door of the Green Tree. A man named Warford came out of the back door of the building, got a jug from the car and put it inside the door of the Green Tree. The officer approached the car, smelled liquor, and saw a five-gallon jug in the car. The defendant was at the wheel. He arrested the defendant, got in the car, and drove to the police station. The jug contained moonshine, which was fifty-four per cent alcohol, intoxicating, potable and fit for beverage purposes. Upon this evidence the defendant was found guilty by the jury.

I. The defendant first filed a motion to suppress the evidence on the ground that the liquor was discovered in his car by an unreasonable search; that the officer had no warrant to search or to arrest the defendant at the time.

The evidence shows without contradiction that the officer arrested the defendant and took him to the police station at the time he discovered the five-gallon jug in the car. There was no search other than an observation of the jug. The officer had reason to believe that the defendant was committing a felony. He had received information that liquor was being sold at the Green Tree. It had that reputation. He saw the car stop there and saw a jug carried in. He smelled the liquor. He therefore had reason to

believe that the defendant was transporting liquor, or committing a felony, and he had a right to arrest him without a warrant, and to search him and the car as incident to such arrest. [State v. Williams, 14 S. W. (2d) 434; State v. Bailey, 8 S. W. (2d) l. c. 59, and cases cited.] The information upon which an officer may arrest one suspected of committing a felony is an entirely different thing from the probable cause, which must be shown by the issuance of a search warrant, as we have heretofore pointed out. (Id.) The motion to suppress was therefore properly overruled.

II.   It is further claimed that the court erred in overruling the defendant's demurrer to the evidence at the close of the case. The evidence mentioned above was entirely sufficient to submit the issue of transportation to the jury.

III.   It is further claimed by the appellant that the court erred in permitting Officer McAdam and other officers to testify that the contents of the jug found in defendant's car was moonshine. We have held consistently that a witness, qualified to judge the quality and kind of unlawful liquor, may be an expert by chemical education or by experience; that sheriffs and other officers, who have had experience in enforcing the prohibition law, may testify as to the kind of liquor which they discover. [State v. Kroeger, 13 S. W. (2d) l. c. 1071; State v. Bliss, 18 S. W. (2d) l. c. 510; 33 C. J. 773.] In this case, as an illustration, one Lawrence Daily, an officer, testified that he could distinguish moonshine whiskey from bonded whiskey by the taste and smell. He had had experience for four years in connection with prohibition enforcement.

IV.   On cross-examination of defendant's character witnesses, they were asked if they had heard rumors of offenses committed by the witness whose character was attacked. This was objected to and exception saved. It is permissible in the cross-examination of character witnesses to inquire whether they had heard rumors of crimes and other delinquencies regarding the person for whose character he vouches. Such questions are permissible to test the credibility and the good faith of the character witnesses. [State v. Parker, 12 S. W. (2d) l. c. 431.]

V.   Error is assigned to the giving by the court of Instruction A, for the State, which authorized a conviction if the jury found that the defendant unlawfully and feloniously transported hootch or moonshine, whereas the charge was transporting hootch, moonshine, corn whiskey. This court's interpretation of the words of the stat-

ute, "hootch, moonshine, corn whiskey," has interpolated the word "or" between "hootch, moonshine, corn whiskey," so that one is guilty of transporting a liquor that may be described by either one of those terms. [State v. Pinto, 312 Mo. l. c. 109.] If the information charges more than was proven, it does not invalidate the verdict.

VI. Appellant further claims that Instruction B, given for the State, is erroneous. It is as follows:

"The court instructs the jury that the terms 'hootch' and 'moonshine' as used in these instructions, mean any intoxicating liquor illegally distilled for beverage purposes regardless of the material or materials from which same may be distilled.

"The word 'feloniously' as used herein and in the information means wickedly and against the admonition of the law.

"By intoxicating liquor as used in the instructions of the court is meant any distilled, spirituous, alcoholic liquor which contains more than one-half of one per cent of ethyl alcohol by volume and is potable and fit for beverage purposes."

It will be noted that this instruction does not authorize a verdict. Instruction A immediately preceding that requires the jury to find that the defendant feloniously transported hootch or moonshine, and they were directed to acquit the defendant if they did not so find. Instruction B only defines certain terms.

If the definition of hootch and moonshine, for the transportation of which the defendant was convicted, is erroneous, it would be ground for a reversal of the judgment. The definition in Instruction B that hootch and moonshine is intoxicating liquor illegally distilled is not incorrect, though it is not a complete nor a happy definition. The use of the word "distilled" applies to spirituous liquors as distinguished from fermented or brewed intoxicating liquors. It could not apply to home brew or to wine. [33 C. J. 494, 495.] The use of the expression in the definition "regardless of the material or materials from which the same may be distilled" would not enlarge the content of the term "distilled," because spirituous liquors are not distilled from material from which fermented or brewed liquors are made. We have defined hootch and moonshine as any kind of *whiskey* illegally manufactured. [State v. Griffith, 311 Mo. l. c. 641; State v. Pinto, 312 Mo. l. c. 109; State v. Wood, 11 S. W. (2d) l. c. 1042.] It might include other kinds of spirituous liquor. So the use of the word "distilled" confines the meaning of the definition to the proper limits, and could not include wine or beer.

The definition of intoxicating liquor in that instruction is in accordance with the statute. It might apply to wine or home brew

or any liquor lawfully manufactured, and has no place in the case. The only question is whether, by incorporating it in the instruction, it was likely to mislead the jury. That instruction does not authorize a verdict; it is simply a definition of terms, a classification of intoxicating liquors. A jury is presumed to be composed of persons of average intelligence. This jury was instructed that, in order to convict defendant, they must find that he transported hootch or moonshine, as a distinct kind of liquor. The instruction could not have misled them.

VII. Complaint is made of other instructions. The court correctly defined the word "transport," and correctly instructed the jury as to the presumption of innocence which attended the defendant throughout the trial, and as to the credibility of witnesses.

VIII. Appellant complains of the refusal of certain instructions offered by the defendant. He offered Instruction 3, to the effect that the defendant could not be convicted unless they found beyond a reasonable doubt that the "said liquid in evidence is hootch, moonshine, corn whiskey, and unless they should so find, they should acquit defendant." The effect of the instruction is that, if the liquor which defendant was charged with transporting was something else besides hootch, moonshine, then the defendant should be acquitted. There was not the slightest evidence that any other kind of liquor was transported. Therefore there was no evidence upon which to base such instruction.

Instruction 5, offered by the defendant and refused, defines hootch, moonshine and corn whiskey, as illegally manufactured whiskey; Instruction B given by the court gives in effect same definition but more completely and clearly.

Appellant further complains of the refusal of his Instruction 6, which in all points was covered by instructions B and B3.

The case was well tried and there was ample proof to sustain the conviction and no error appears in the record. The judgment is therefore affirmed. All concur.