THE STATE v. JOHN GALBRAITH, Appellant.—50 S. W. (2d) 1035.

Division Two, June 10, 1932.

*Stratton Shartel*, Attorney-General, and *J. K. Roach*, Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—Appellant was charged by information with the felonious transportation of hootch in Clark County. Upon trial, he was found guilty and his punishment was fixed at three months in the county jail. From the sentence and judgment he appealed to this court.

Appellant filed a motion to suppress the evidence found in appellant's automobile, namely a pint of hootch. The grounds of the motion were that the Sheriff of Clark County had no warrant for the search of appellant's car and that the search of the car and seizure of the liquor was unreasonable and without probable cause. The trial court upon hearing overruled the motion. The testimony given at the hearing upon the motion was repeated in substance at the trial and will be included in our statement of the case as made.

Sheriff Smith of Clark County arrested appellant in that county on Highway 61 between Wayland and Alexandria about ten o'clock on the night of May 2, 1930. The sheriff had information that appellant had left Kahoka, the county seat of Clark County, Missouri, to go to Keokuk, Iowa, for liquor, and the sheriff was on the lookout for appellant on the way back to Kahoka. Appellant's car, when the sheriff met it, was moving slowly. Archie Rowe was driving it. It appeared to be in mechanical trouble and the right wheels were off the traveled part of the highway. The lights were dim. These facts together with the information which the sheriff had received and the presence of appellant standing in a stooped position in the back of the car excited the sheriff's suspicions. He walked to the side of appellant's car and appellant sat down. The sheriff looked in and saw a bottle of hootch on the seat beside appellant. The sheriff knew it was hootch by the smell so he arrested appellant and seized the bottle. Two special deputy sheriffs testified that the liquor was hootch. The sheriff inquired of appellant whose liquor it was and appellant answered that it was his. The sheriff and his two deputies testified that appellant was intoxicated at the time and was thick-tongued in his speech. The sheriff helped appellant over to his own car and towed in appellant's car. Appellant the next morning, after a night in jail, was suffering from the after effects of intoxication, but he was no longer drunk. A special deputy sheriff who was present was asked whether appellant was directing the movement of the car which was being driven by Archie Rowe. Although an objection was overruled, the question was not answered. There was no other attempt to elicit testimony on the point.

Appellant, on his own behalf, testified that he went to Keokuk, Iowa, on May 2, 1930, to look for work and he took with him Archie Rowe at the latter's request. Friends at Keokuk took them out to

find mushrooms, and while they were so occupied, Rowe passed around liquor which he had bought. Appellant became intoxicated and he was put to bed in Keokuk. The next morning he awoke in jail in Kahoka, Missouri, and he testified he had no recollection of what had happened between the time of his retirement in Keokuk and his awakening in Kahoka. He did not know of his arrest, his conversation with the sheriff or the transportation of the liquor, he testified. The depositions of three witnesses, living at Keokuk, Iowa, were read on behalf of appellant. They testified that appellant arrived in his car in Keokuk with Archie Rowe; that they and the Missouri visitors went to gather mushrooms; that Rowe bought and passed around liquor; that appellant became very intoxicated and was put to bed in the home of one of the witnesses in Keokuk on the evening of May 2. The car was put in a garage for the night and one of the witnesses kept the ignition key. But later in the evening, Archie Rowe got the key and the car on the representation that he had received word that a relative was very sick in Kahoka and he must return at once. The witnesses further tesified that appellant was taken from his bed to the automobile, which Rowe drove back to Kahoka. And the Iowa witnesses testified that Rowe, before leaving, bought a pint of whiskey and deposited it in the car. Rowe was not called as a witness. Appellant's demurrer at the close of the State's case was overruled.

I. The information sets forth all the constituent elements of the offense as defined by the statute and is sufficient. [State v. Brown, 304 Mo. 78, 262 S. W. 710.]

II. The trial court rightly overruled appellant's motion to suppress the evidence. The bottle containing the liquor was upon the rear seat of the automobile and visible to the sheriff when he approached near enough to look within. Appellant also was in the back part of the car but he did not obscure from the sight of the sheriff the bottle of hootch, for it was in view and between the sheriff and appellant. The sheriff had cause to suspect that liquor was being unlawfully transported in the automobile. [State v. Harris, 324 Mo. 139, 22 S. W. (2d) 1050.] And as was said of a jug in the Harris case, so it may be said here that there was no search other than an observation of the bottle.

III. Appellant, in his motion for a new trial, makes thirteen assignments of error, several of which are too general to merit attention. Instruction 4, given by the court at the request of the State,

is as follows: "If you find and believe from the evidence that defendant was the owner of the automobile in which he was riding at the time of the arrest, and that another party was driving said car at said time then the law presumes that the defendant was directing the movement and operation of said car and that the party actually driving said car was doing so as the agent of defendant at the time.

"If, however, in the light of such presumption, you find that the defendant did not direct the movement of the car at the time of, or immediately prior to, the time of defendant's arrest, your verdict will be for defendant."

Appellant sets forth in detail and with particularity the specific grounds or causes for a new trial predicated on this instruction.

By the first paragraph of the State's Instruction 4 the jury told, in effect, that if they found that the defendant owned the automobile, the law presumes that he is guilty of the offense charged. By the second paragraph of this instruction the jury were told, in effect, that the burden was on the defendant to overcome this presumption by proof of his innocence, that is, by proof that he was not directing the movements of the car. The presumption of defendant's innocence must be overcome by proof on the part of the State. Any instruction to the contrary violates this fundamental right of a defendant in a criminal case, and, therefore, constitutes a reversible erro The law cannot presume both the guilt and innocence of a defendant in a criminal case; yet, it seems that the jury were so instructed, in effect, in this case.

It may be added that the trend of the recent decisions of this court has been to root out of our criminal procedure instructions that may be classified as being comments on the evidence. In the case of State v. Swarens, 294 Mo. 139, 241 S. W. 934, the court en banc condemned an instruction that told the jury that the possession, by defendant, of recent stolen property raised a presumption of guilt. This instruction had been approved by the earlier cases. Instructions that the flight of defendant raises a presumption of guilt have been condemned by this court. [State v. Hogan, 252 S W. 387, l. c. 389.] Other instructions, condemned as comments on the evidence, may be found in State v. Cole, 304 Mo. l. c. 115, 116, 263 S. W. 207.

From the evidence enumerated in the criticized instruction the jury might have inferred the fact that appellant was directing the operation of the car and, therefore, guilty of unlawfully transporting "hootch." But the court should not have instructed that a presumption of guilt arose.

For the error of the trial court in giving Instruction 4 the judgment is reversed and the cause remanded for a new trial. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.