STATE of Missouri, Respondent,

v.

Tessie L. BELL, Appellant.

No. 68080.

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

BILLINGS, Judge.

Defendant Tessie Bell was convicted of possession of marijuana on the premises of

a correctional institution in violation of § 217.360, RSMo Supp. 1984. He appealed his conviction to the Missouri Court of Appeals, Western District but that court, noting his challenge to the constitutionality of § 217.360 transferred the case here. Affirmed.

On October 21, 1984, David Andrews, a guard at the Missouri Training Center for Men at Moberly, a correctional institution, conducted a general search of inmates, including defendant. Andrews testified that he found a "marijuana joint" and a small packet containing marijuana in defendant's left rear pocket. Chemical analysis confirmed that the substance in the packet was marijuana. Defendant testified that another inmate had given him the packet to deliver to a third inmate and that he did not know what was in the packet until Andrews opened it. The jury found the defendant guilty of violating § 217.360, and the trial court sentenced him to a term of five years imprisonment, to run consecutively to a term that defendant was then serving.

■ Defendant first contends that there was not sufficient evidence to support the verdict against him because the state failed to prove that he "knowingly" possessed a controlled substance, as is required by § 217.360. There is no direct evidence regarding defendant's knowledge that he possessed marijuana other than his testimony that he was unaware of the contents of the packet taken from him. Knowledge, however, may also be shown by circumstantial evidence. *State v. Scarlett*, 486 S.W.2d 409, 410 (Mo.1972). A *prima facie* case of knowing possession of a controlled substance is made out by the prosecution showing the defendant's possession of the substance. *State v. Virdure*, 371 S.W.2d 196, 201 (Mo.1963). A defense that defendant was not aware of the controlled substance in his possession merely creates a conflict in the evidence, the resolution of which is for the jury. *Id.* Thus, the state's uncontradicted evidence showing defendant's possession of a packet containing marijuana constituted substantial evidence from which a jury could rationally have determined that defendant knowingly possessed the marijuana. In his second point on appeal, defendant challenges § 217.360 as being violative of the equal protection, due process, and cruel and unusual punishment clauses of the Missouri and United States Constitutions.

■ Defendant's first constitutional line of attack is the assertion that § 217.360 denies him equal protection of the laws because it permits inmates in correctional institutions to be punished more severely for possession of less than 35 grams of marijuana than non-inmates. A comparison of § 217.360 and § 195.200(1)(a), RSMo Supp. 1984, demonstrates the basis of this assertion. Section 217.360 provides that possession of any amount of any controlled substance in or about the premises of a correctional institution is a felony. Section 195.200.1(1)(a) provides that a first offense possession of less than 35 grams of marijuana is punishable as a misdemeanor.

Defendant is incorrect, however, in his conclusion that § 217.360 singles out inmates for more severe punishment than non-inmates. Section 217.360.1 expressly states that "[i]t shall be an offense *for any person* to knowingly ... have in his possession ... in or about the premises of any division correctional institution: (1) Any controlled substance...." (Emphasis added). Thus, the statute does not punish defendant more severely merely because he is an inmate. The actual classification made by § 217.360 is not between inmate and non-inmate, but between those people in possession of a controlled substance in or about a correctional institution and those in possession of a controlled substance elsewhere.

Unless a statute creates a classification that burdens a suspect group or trammels a fundamental interest, the classification will be upheld so long as it is rationally related to a legitimate state interest. *State v. Bolder*, 635 S.W.2d 673, 682 (Mo. banc 1982), (citing *Friedman v. Rogers*, 440 U.S. 1, 17, 99 S.Ct. 887, 898, 59 L.Ed.2d 100 (1979)) *cert. denied*, 459 U.S. 1137, 103

S.Ct. 770, 74 L.Ed.2d 983 (1983). Persons possessing controlled substances in or about a correctional institution have never been held to constitute a suspect class. Neither can the classification made by § 217.360 be said to impinge on a fundamental interest because no one, in or out of a correctional institution, has a fundamental right to possess controlled substances. Thus, § 217.360 must be upheld if it is rationally related to a legitimate state interest.

Missouri has a legitimate interest in maintaining safety within its borders. The introduction of controlled substances into a correctional institution can easily jeopardize the state's efforts in maintaining safety in such an institution. In fact, the problems and dangers caused by the use of controlled substances are greater inside correctional institutions than outside. A person who is under the influence of a controlled substance is less likely to act rationally and thus can be a threat to those around him. This threat is multiplied by the regimented, confined, and often hostile environment of a correctional institution. This type of environment, coupled with the greater difficulty in obtaining a supply of controlled substances into a correctional institution, also increases the inevitable conflict which results from the interaction of people dealing in contraband. Because the consequences to safety of controlled substance use are more severe in a correctional institution, the Missouri General Assembly has reasonably determined that it has even stronger cause for deterring the use of controlled substances inside correctional institutions than it does in deterring controlled substance use generally. The more severe penalties provided by § 217.360 are rationally related to the legitimate state interest of maintaining safety in correctional institutions and the statute does not deny equal protection of the law.

■ Defendant's next constitutional assertion is that prison officials have the option of prosecuting those persons found in possession of less than 35 grams of marijuana while in or about the premises of a correctional institution under either § 217.360 or § 195.200.1(1)(a) and that this opportunity for selective prosecution offends due process. It is not, however, prison officials who determine under what statute to charge a suspect. Assuming without deciding that defendant could have been charged under either § 217.360 or § 195.200.1(1)(a), the decision as to which charge is to be brought rests within the discretion of the prosecutor. *State v. Koen*, 468 S.W.2d 625, 629 (Mo.1971). The only limit on this discretion is that it may not be exercised arbitrarily or in bad faith. *State v. Smith*, 422 S.W.2d 50, 66–67 (Mo. banc 1967), *cert. denied*, 393 U.S. 895, 89 S.Ct. 150, 21 L.Ed.2d 176 (1968). As defendant has neither claimed nor proven bad faith or arbitrariness on the part of the prosecutor, he has failed to establish any denial of due process.

■ Defendant's third argument as to the constitutionality of § 217.360 is that a sentence assessed under § 217.360 constitutes cruel and unusual punishment. Defendant's point here appears to be that his sentence of five years for violation of § 217.360 is disproportionate punishment considering that he could have been sentenced to no more than one year had he been prosecuted and convicted under § 195.200.1(1)(a). This contention is likewise without merit. A punishment within statutory limits is not cruel and unusual because of its duration unless it is so disproportionate to the offense committed as to shock the moral sense of reasonable people. *State v. Agee*, 474 S.W.2d 817, 821–22 (Mo.1971). A court's analysis in applying this standard is to be guided by objective criteria. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983). Since possession of a controlled substance in or about the premises of a correctional institution is a class C felony, § 217.360.2, and, as such, is punishable by a term of imprisonment not to exceed seven years, § 558.011, RSMo Supp. 1984, defendant's sentence was within statutory limits. Further, after a consideration of the objective criteria outlined in *Solem*, this Court

finds defendant's sentence is proportionate to his offense, despite its being greater than that which would have been permitted under § 195.200.1(1)(a). The longer sentences authorized under § 217.360 are reasonable given that the dangers resulting from the use of controlled substances are greater than normal when such substances are used within correctional institutions. Therefore, punishment assessed pursuant to § 217.360 is not cruel and unusual.

 In his final point on appeal, defendant argues that the trial court erred in overruling his oral motion for a continuance to give him time to retain a paid attorney. Defendant wanted to hire a paid attorney because he believed his court-appointed attorney was not giving him adequate representation. Defendant contends that the denial of his motion denied him his right to obtain an attorney of his choice. An accused, however, is not entitled to the aid of a particular attorney as a matter of constitutional right, nor may he work a continuance by discharging his attorney without strong justification. *State v. Turner*, 623 S.W.2d 4, 11 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). The granting of a continuance to allow a defendant to secure substitute counsel is within the trial court's sound discretion. *See id.* Here, defendant's motion for continuance was made on the morning of his trial. At that time he had been aware of the charges against him for over four months. The trial court determined that this had been sufficient time for defendant to have taken more timely steps to obtain a private attorney. This Court finds no abuse of discretion.

Judgment is affirmed.

HIGGINS, C.J., and BLACKMAR, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

1. *See, e.g., State v. Galbraith,* 50 S.W.2d 1035

WELLIVER, Judge, dissenting.

I respectfully dissent.

Section 217.360, RSMo Cum. Supp. 1984, sets forth an offense with three elements:

(1) possession of a controlled substance

(2) in or about the premises or a correctional institution, and

(3) knowledge of that possession.

The majority allows a jury to convict a defendant after the prosecution has produced evidence of only two of the three required elements of the offense. Heretofore, we have required that the prosecution prove each and every element of the offense, by either direct or circumstantial evidence. *State v. Burns,* 457 S.W.2d 721 (Mo.1970). The majority now holds that a showing of one element, possession, creates a prima facie case for another element, knowledge. The defendant is no longer innocent until proven guilty,[1] but, now he must prove his lack of knowledge and his innocence.

For the foregoing reasons, I dissent.