**Michael GRADY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52256.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 1, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1988.

Application to Transfer Denied Feb. 17, 1988.

Dorothy Mae Hirzy, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

A jury found defendant guilty on two counts of forgery in violation of RSMo § 570.090.1(3) (1978). Defendant was sentenced as a persistent offender pursuant to RSMo § 558.016 (1978) to two consecutive ten year terms of imprisonment. That judgment was affirmed on appeal. *State v. Grady*, 691 S.W.2d 301 (Mo.App., E.D.), *cert. denied*, 474 U.S. 951, 106 S.Ct. 317, 88 L.Ed.2d 301 (1985). Defendant now appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Finding defendant's contentions to be without merit, we affirm.

■ In his first point, defendant asserts that the motion court erred in summarily denying his claim that the sentences imposed by the trial court were in violation of the eighth amendment's ban on cruel and unusual punishment. The trial court found that defendant only pled conclusions and did not allege facts which, if true, would entitle movant to a hearing. This test does not apply where the Rule 27.26 motion presents a question of *law*. *Johnson v. State*, 579 S.W.2d 132, 136 (Mo.App., E.D. 1979). *See also Sinclair v. State*, 708 S.W. 2d 333, 337 (Mo.App., S.D.1986). There is no need for an evidentiary hearing when no factual issues are involved. Therefore, the trial court properly denied a hearing on defendant's question of law based on the eighth amendment.

■ The trial court further reasoned defendant failed to allege that the sentence imposed was in excess of the maximum authorized by law. Defendant claims that an allegation of unauthorized punishment is not requisite to asserting an eighth amendment claim. In *Solem v. Helm*, the Court held that a criminal sentence is not constitutional merely because it remains within the limit of punishment authorized by the governing statute. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983). Defendant did not need to allege that the sentence imposed was in excess of the statutory limit in order for his eighth amendment claim to be reviewed.

The trial court did not address the merits of defendant's constitutional claim ruling that the issue should have been raised on direct appeal. Missouri law is well settled that constitutional issues must be raised at the earliest opportunity or they are waived. *State v. Thompson*, 627 S.W.2d 298, 303 (Mo. banc 1982); *Griffin v. State*, 684 S.W. 2d 425, 428 (Mo.App., E.D.1984). That maxim would appear to defeat defendant's motion, but we will nevertheless address defendant's claim that the sentence imposed by the trial court is cruel and unusual punishment in violation of the eighth amendment.

Defendant asserts that we must apply the proportionality analysis enumerated by the U.S. Supreme Court in *Solem*. *Solem*, 463 U.S. at 291–92, 103 S.Ct. at 3010–11. The Court specified objective criteria by which the proportionality analysis should be guided, including: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011.

In Missouri, a punishment within statutory limits is not cruel and unusual unless it is so disproportionate to the offense committed as to shock the moral sense of reasonable people. *Bell v. State*, 719 S.W.2d 763, 766 (Mo. banc 1986). The *Solem* criteria are merely a guide to the courts in applying this standard. *Id.* The Missouri standard is consistent with the *Solem* opinion. *Deaton*, 705 S.W.2d at 73.

In *Solem*, the Court reversed the defendant's sentence of life imprisonment without

parole. Defendant had been convicted of issuing a "no account" check for $100 and sentenced under South Dakota's recidivist statute. *Solem*, 463 U.S. at 277, 103 S.Ct. at 3001. The Court did not overrule its prior decision in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), but distinguished it as qualitatively different because of the differences between the sentencing schemes of Texas and South Dakota. *Solem*, 463 U.S. at 283, 288 n. 13, 103 S.Ct. at 3008–09 n. 13. The Court has also recognized the distinction between capital and noncapital cases: "Outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel*, 445 U.S. at 272, 100 S.Ct. at 1138 (emphasis added).

Reviewing courts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009–10. In light of the substantial deference that must be accorded legislatures and sentencing courts, the Court observed that a reviewing court would rarely be required to engage in extended analysis to determine constitutional proportionality. Under that standard, after reviewing the record, we conclude that an extended proportionality analysis is not required here. *See Deaton*, 705 S.W.2d at 73.

█ Defendant was found guilty on two counts of forgery, a class C felony, in violation of RSMo § 570.090.1(3) (1978). Defendant was sentenced under RSMo § 558.016 (1978) which allows a maximum term of fifteen years on each count for a Class C felony. Defendant received ten year terms on each count, five years less than the maximum authorized. Defendant has two prior felony convictions; possession of a controlled substance and three counts of first degree robbery. Defendant committed these unrelated crimes at different times. Under these circumstances, the sentences imposed do not shock the moral sense of reasonable men and were well within the authority and discretion of the trial judge. *See Bell*, 719 S.W.2d at 766–67; *Deaton*, 705 S.W.2d at 73; *State v. Whitehead*, 675 S.W.2d 939, 943 (Mo.App., E.D.1984).

█ In the second point raised, movant contends that the motion court erred in summarily denying his claim that the trial court failed to instruct the jury on the alleged lesser included offense of fraudulent use of a credit device. We find no merit in defendant's claim. Fraudulent use of a credit device is not a lesser included offense of forgery. *Compare* RSMo § 570.130.1 (1978) *with* RSMo § 570.090 (1978).

An instruction on a lesser offense is not proper unless it is impossible to commit the greater without committing the lesser. *State v. Harris*, 620 S.W.2d 349, 354–55 (Mo. banc 1981). Obviously proof of forgery does not require proof of credit card fraud and should not be instructed as such. It follows then, that failure to give such instruction is not unfair and does not rise to the level of a sixth amendment violation. Additionally, defendant alleges trial error which must be raised, if at all, on direct appeal. Rule 27.26(b)(3); *Stidum v. State*, 736 S.W.2d 477, 477 (Mo.App., E.D.1987); *Hill v. State*, 641 S.W.2d 194 (Mo.App., E.D.1982). Defendant's failure to do so now precludes his claim.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.