**STATE of Missouri, Respondent,**

v.

**Steven M. FUENTE, Appellant.**

No. 75622.

Supreme Court of Missouri,
En Banc.

Jan. 25, 1994.

As Modified on Denial of Rehearing
March 22, 1994.

Norman S. London, Thomas F. Flynn, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

THOMAS, Judge.

Steven Fuente was convicted in a court-tried case of possessing more than 35 grams of marijuana and was sentenced to four years imprisonment. He appealed, arguing that the trial court erred when it overruled his motion to suppress statements at the Callaway County Jail and evidence obtained by the highway patrol troopers. The Court of Appeals, Western District, reversed and remanded for a new trial, holding that the statements were taken in violation of Fuente's fifth amendment right to silence. Both parties now appeal to this Court. We affirm the judgment of the trial court.

## Facts

The evidence adduced at the hearing on the defendant's motion to suppress, which by stipulation of the parties was considered by the trial court in lieu of testimony at trial, disclosed that two members of the Missouri Highway Patrol stopped Steven Fuente for speeding in a construction zone and failing to signal before changing lanes on Interstate 70. Defendant Fuente was traveling approximately 65 miles an hour in a 55 mile-an-hour zone. Trooper Munden testified that when Fuente rolled down the window, she "smelled a faint odor of marijuana being emitted from the vehicle." Munden then asked Fuente to sit in the patrol car while she checked his driver's license and vehicle registration. The car was registered to Fuente's mother in Florida, so there was a delay while the computer checked the vehicle registration.

While Munden was waiting on the registration check, she asked Fuente if she could search the vehicle. Fuente responded that it would be against his constitutional rights to search his vehicle. A few minutes later, Trooper Munden asked Fuente if he had any marijuana in the vehicle. According to Munden, Fuente stated: "Why are you trying to delay my trip?" Munden informed him that she suspected he had marijuana in the vehicle. She then radioed from the patrol car in Fuente's presence for a canine unit to respond to the scene. While she issued Fuente a summons and waited for the canine unit to arrive, Officer Munden asked Fuente what the dogs would "hit on" when they arrived. Munden testified that Fuente responded, "All we've got is a pipe and a little baggie." At Munden's request, Fuente then retrieved the pipe and the "little baggie" of marijuana from the Blazer.

Shortly thereafter, Trooper Munden was notified that the canine unit could not come to the scene. She then approached the passenger in the vehicle, Thomas Kerrigan, and asked him if she could search his bags in the vehicle. Kerrigan consented to the search of his bags. Officer Munden then testified that Kerrigan opened the rear window of the Blazer and at that point she was "blasted" with the smell of marijuana. Kerrigan then pointed out to Officer Munden which bags belonged to him and which belonged to Fuente. Munden then searched Kerrigan's bags and found no contraband. Next, she searched Fuente's bags and discovered 45 pounds of marijuana in defendant's blue bag. Munden arrested Fuente and read him the *Miranda* warning. After being Mirandized, Fuente told Munden he did not wish to talk to her about the marijuana.

Upon arriving at the Callaway County Jail, Munden informed Trooper Tim Tinnin that Fuente had received his *Miranda* warning and had decided not to talk to her. Tinnin testified that Munden did not tell him that Fuente had exercised his right to remain silent; Munden only said that Fuente did not wish to talk to her. Less than an hour later, Tinnin started questioning Fuente without re-Mirandizing him or getting a written waiver. Tinnin testified that he asked Fuente if he wanted to talk, to which Fuente replied, "Go ahead, you know, let's talk." The primary purpose of Tinnin's questioning was to determine where Fuente and Kerrigan had obtained the marijuana. Fuente indicated his willingness to cooperate but asked to talk to Kerrigan first. Kerrigan was brought in the room, and the two agreed to talk to Tinnin. During the interview, the troopers learned who sold the marijuana to the defendants, that they had purchased it at a sushi bar in Phoenix, that they intended to sell it to friends in Cincinnati, and that this was their third such trip. Trooper Tinnin testified that Fuente did not indicate at anytime during the questioning that he wished to speak to an attorney.

Fuente filed a motion to suppress (1) the 45 pounds of marijuana found in the Blazer, (2) the statements he made to Officer Munden in the patrol car, and (3) the statements he made at the Callaway County Jail. The court held an evidentiary hearing on Fuente's Motion to Suppress at which five witnesses testified: (1) Trooper Munden, (2) Trooper Spurgeon, (3) Trooper Tinnin, (4) Trooper Breen, and (5) co-defendant Kerrigan. After hearing the witnesses' testimony, the court denied Fuente's motion to suppress the evidence and statements.

Defendant waived his right to trial by jury and consented to a bench trial. At the bench trial, the parties agreed that the trial court could consider the transcript from the hearing on the motion to suppress in reaching its judgment. Defendants Fuente and Kerrigan consented and acknowledged on the record: (1) that there would be no evidence introduced at trial other than the transcript from the motion to suppress hearing, and (2) that there was a stipulation that the substance taken from the Blazer was marijuana. The defendants also acknowledged on the record that they had been advised by their counsel that (1) the judge was certain to find the defendants guilty based on the evidence at the motion to suppress hearing and (2) the prosecutor was planning to recommend a 4–year sentence but was not certain whether he was going to oppose probation.

The State then gave a brief opening statement amounting to approximately ten lines of transcript. Defendants waived their opening statements, and the State introduced the laboratory report on the substance found in the Blazer. Defendants objected for the same reasons set forth in their motion to suppress: that the evidence was discovered as a result of an unconstitutional search and that the statements were made in violation of the defendants' right to remain silent. Defendant Kerrigan also objected for the same reasons set forth in his motion to quash the information.

Defendants once again requested that the record reflect that, for the purposes of the trial, they were maintaining an ongoing objection based on all the reasons presented in: the written motion to suppress, objections made at the hearing on the motion to suppress, and defendants' motion to quash the information. Defendants then waived their right to testify, and both sides rested their

case. Defendants renewed their motion for acquittal, and all parties waived closing arguments. The court found beyond a reasonable doubt that both defendants were in possession of more than 35 grams of marijuana, a controlled substance, knowing of its presence and illegal nature.

Defendant Fuente appealed the trial court's denial of his motion to suppress the marijuana and the statements at the Callaway County Jail. The Court of Appeals, Western District, reversed and remanded, holding that (1) the 45 pounds of marijuana was properly admitted as evidence, but (2) Trooper Tinnin did not "scrupulously honor" Fuente's fifth amendment right to silence. *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Fuente and the State now file cross appeals to this Court. Fuente raises two issues: (1) that the trial court erred in overruling his motion to suppress the 45 pounds of marijuana and (2) that the trial court erred in overruling his motion to suppress the statements he made to Trooper Munden in the police car. The State raises one point on appeal: that the trial court did not err in admitting into evidence the statements made by Fuente at the Callaway County Jail.

We affirm the trial court's judgment. We hold that: (1) the marijuana was discovered as a result of a lawful search and was properly admitted into evidence; (2) the issue of the admissibility of Fuente's statements to Trooper Munden in the patrol car was not properly preserved for appeal and does not constitute plain error; and (3) Fuente's statements at the Callaway County Jail, even if they were improperly obtained, were not prejudicial, and their admission into evidence was at most harmless error.

### Motion to Suppress the Marijuana

Fuente's first point is that the trial court erred in overruling his motion to suppress the marijuana because it was discovered pursuant to an illegal search. We will affirm if the evidence is sufficient to sustain the trial court's finding. *State v. Blankenship*, 830 S.W.2d 1, 14 (Mo. banc 1992). Deference is given to the trial court's superior opportunity to assess the credibility of the witness and to weigh the evidence. *State v. Feltrop*, 803 S.W.2d 1, 12 (Mo. banc 1991).

■■■ Where a trooper has a legitimate reason for stopping a vehicle and detects the odor of marijuana, the trooper has probable cause to search the vehicle. *State v. Villa-Perez*, 835 S.W.2d 897, 902 (Mo. banc 1992). Here, the trial court found that Trooper Munden stopped Fuente's vehicle for a legitimate reason—failure to signal and speeding. The court also found that Officer Munden smelled marijuana when Fuente rolled down the window of the Blazer. The trial court and the court of appeals, therefore, determined that Munden had probable cause to search the vehicle.

Fuente argues that because Trooper Munden did not search the vehicle immediately after she first approached it, doubt is cast upon her testimony that she smelled marijuana when Fuente rolled down the window. Although this argument is certainly credible and proper at the trial court level, it is misdirected to this Court because we are required to defer to the trial court's findings that Munden smelled marijuana when she first approached the vehicle. We noted in *State v. Beck*, 687 S.W.2d 155, 157–8 (Mo. banc 1985), "that in reviewing the trial court's disposition of defendant's motion to suppress, this Court necessarily must defer to the trial court's superior opportunity to determine the credibility of witnesses and the weight of the evidence. Needless to say, this rule is a basic tenet of appellate review—and one deserving of strict compliance." (Citation and footnote omitted.)

At the moment the trooper smelled the marijuana she had probable cause to search the vehicle. The fact that she went through several procedures before conducting the search favors the defendant but does not require the trial court to reject the trooper's testimony. "[U]pon review of a trial court's order, the facts, and reasonable inferences arising therefrom, are to be stated favorably to the order challenged on appeal." *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985). "[T]he reviewing court is free to disregard contrary evidence and inferences, and is to affirm the trial court's ruling on a motion to

suppress if the evidence is sufficient to sustain its finding." *Id.* Since the trial court found that Trooper Munden smelled marijuana when she first approached the Blazer, she had probable cause to search the vehicle and, therefore, the marijuana was discovered pursuant to a valid search.

The evidence is sufficient to support the trial court's finding that the search was proper and that Fuente's motion to suppress the marijuana should have been overruled. This point is denied.

■ Once it is determined that the 45 pounds of marijuana the troopers discovered was admissible, there is ample evidence to support the trial court's judgment. Fuente was charged with possessing or having in his control more than 35 grams of marijuana, a class C felony. § 195.202, RSMo Supp.1992. To sustain a conviction for possession of a controlled substance, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of this substance. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992). Both possession and knowledge may be proved by circumstantial evidence. *Id.*

Here, there is overwhelming evidence to support Fuente's conviction. Forty-five pounds of marijuana were found in the Blazer Fuente was driving. The Blazer was titled in his mother's name, which creates a clear implication that Fuente, not Kerrigan, was in control of the vehicle. Fuente's conscious possession and awareness of the marijuana was further established by the testimony of Officer Munden. She testified that she was "blasted in the face with a very strong smell of marijuana." The court is entitled to infer that Fuente was aware of the presence of the marijuana inside the Blazer because of its unmistakably strong odor, which "blasted" Trooper Munden when the rear window was opened. *Id.* at 588. This evidence alone is sufficient to support the trial court's determination that Fuente knowingly and intelligently possessed 45 pounds of marijuana and knew the nature of the substance.

Fuente argues that his knowledge of the presence and nature of the marijuana can only be established by the inculpatory testimony of co-defendant Kerrigan, which this Court cannot consider in light of *Bruton v. United States,* 391 U.S. 123, 128, 88 S.Ct. 1620, 1624, 20 L.Ed.2d 476 (1968). Fuente first argues this point in his brief to this Court in response to the State's contention in its motion for transfer that we should consider the statements of Kerrigan in determining Fuente's guilt. Fuente incorrectly attempts to use *Bruton* and its progeny well beyond their precedential value.

*Bruton* does not involve the admissibility of a co-defendant's out-of-court statement testified to by the declarant at trial. Rather, *Bruton* involves whether in a joint jury trial, where the co-defendant is unavailable for cross-examination, the State may admit the statement of a co-defendant implicating both defendants by using an instruction limiting such evidence to the case against the declarant. *Id.* The Supreme Court held that the use of such a statement violates the non-declarant defendant's sixth amendment right to confrontation. *Id.* This is because a lay jury is deemed to be unable to ignore or set aside such inculpatory evidence based merely upon a limiting instruction. *Bruton* has no application where the court is the trier of fact because a trial judge is not subject to the same inability. *People v. Williams,* 246 Ill. App.3d 1025, 186 Ill.Dec. 848, 617 N.E.2d 87, 93 (1993); *People v. Moore,* 128 Ill.App.3d 505, 83 Ill.Dec. 864, 470 N.E.2d 1284, 1290–91 (1984). Judges and lawyers commonly engage in such mental gymnastics with sufficient accuracy to protect the defendant's constitutional rights. Thus, *Bruton* has no application to a judge-tried case. *Id.*

However, the underlying evidentiary principle in *Bruton,* i.e., that the out-of-court incriminating statement of a co-defendant is only admissible against the declarant, is equally applicable in both a jury-tried and a non-jury-tried case. Although such evidence qualifies as an admission against the declarant, it is inadmissible hearsay as to everyone else. This principle would render the troopers' testimony regarding Kerrigan's statements inadmissible against Fuente if there had been an appropriate objection. However, in the present case there was no objection

by defendant Fuente to the testimony of the troopers relating to Kerrigan's statements at the scene. Moreover, Kerrigan's testimony regarding his own inculpatory statements was admitted by stipulation and without objection. Kerrigan also testified directly concerning the same matters covered by his inculpatory out-of-court statements. The latter is not hearsay, and neither violates *Bruton;* both legitimize the other evidence of the statements Kerrigan made to Troopers Munden and Spurgeon at the scene of the arrest on I–70.

The defendant's claims under *Bruton* are without merit.

## Motion to Suppress Statements in Patrol Car

■ Next, Fuente argues that the trial court erred in overruling his motion to suppress any statements he made in response to Trooper Munden's question in the patrol car, "What will the canine unit find?" Fuente contends his response that they will find a "pipe and a little baggie" was obtained in violation of *Miranda.* Fuente failed to properly raise this issue in the Court of Appeals, Western District, or in this Court. Fuente merely mentions his argument in the discussion section of other arguments contained in his brief to this Court and to the Western District. This issue is not raised in any point relied on in any of his briefs. This Court's review is limited to matters raised in the points relied on. *State v. Gooch*, 831 S.W.2d 277, 277 (Mo.App.S.D.1992). Therefore, we will review for plain error and determine if manifest injustice occurred.

We find no manifest injustice in the trial court having overruled Fuente's motion to suppress the statements in the patrol car. To be manifest injustice, the error and the injustice resulting therefrom must be apparent. An error is only an injustice if it is prejudicial. Here, the alleged error is not apparent, because it is not clear that the detention of Fuente had risen to the level of custody plus interrogation. *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Furthermore, even if the evidence was clearly inadmissible, it is not apparent that its admission was prejudi-

cial because there was ample other evidence for the trial court to find Fuente guilty of possession of marijuana. Therefore, there is no way Fuente could have been prejudiced by the admission of these statements.

The trial court's decision to admit Fuente's statements in the patrol car does not rise to the level of plain error. This point is denied.

## Motion to Suppress the Statements at the Callaway County Jail

■ The State's point on appeal is that the trial court did not err in overruling Fuente's motion to suppress the statements at the Callaway County Jail. The court of appeals found that the state troopers failed to scrupulously honor the defendant's right to cut off questioning as required by *Michigan v. Mosley*, 423 U.S. at 104, 96 S.Ct. at 326. The Western District, therefore, reversed and remanded the case for a new trial.

It is not necessary for this Court to reach the issue of whether Officer Tinnin scrupulously honored Fuente's right to silence because we conclude that the court's refusal to exclude the statements would at most constitute "harmless error" within the meaning of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ("error was harmless beyond a reasonable doubt"). In *Arizona v. Fulminante*, 499 U.S. 279, 309–11, 111 S.Ct. 1246, 1265–6, 113 L.Ed.2d 302 (1991), the Supreme Court held that the *Chapman* harmless error rule can be applied to the admission of an involuntary confession. In situations where the harmless error rule is applicable, the Supreme Court has repeatedly reaffirmed the principle that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986). To rely on this principle, the State must demonstrate that the challenged evidence did not contribute to the defendant's conviction. *Fulminante*, 499 U.S. at 289, 111 S.Ct. at 1253, *citing Chapman*, 386 U.S. 18, 87 S.Ct. 824.

The primary purpose of the troopers' questioning of defendants Fuente and Kerrigan at the jail was to determine the original source of the marijuana. During the course of the questioning, the troopers learned the essential element of a possession charge: that both of the defendants were aware of the presence of the marijuana in the Blazer. Essentially, this same information was obtained through the testimony of Defendant Kerrigan at the suppression hearing. As we previously determined, Kerrigan's testimony is admissible against Fuente because Fuente stipulated that the court could "take that transcript of the motion to suppress hearing and all the evidence presented there as evidence in this matter (the trial)." Because Kerrigan's testimony and Fuente's statements at the Callaway County Jail were cumulative, we conclude that Fuente's statements at the jail did not contribute to his conviction.

Moreover, the 45 pounds of marijuana that was discovered as the result of a lawful search of the vehicle Fuente was driving, the interior of which was permeated with the inescapable odor of raw marijuana, was more than sufficient to prove that Fuente knowingly possessed in excess of 35 grams of marijuana. Based on the whole record, we can confidently say that any error the trial court may have committed in refusing to exclude Fuente's statements at the jail would be harmless beyond a reasonable doubt. *Delaware v. Van Arsdall,* 475 U.S. at 681, 106 S.Ct. at 1436.

The State also argues in the alternative, and for the first time in its brief to this Court, that any error in admitting Fuente's statements at the Callaway County Jail was not prejudicial because this was a judge-tried case. We have already concluded, however, that any error committed by the court in admitting Fuente's statements at the jail was harmless beyond a reasonable doubt under the holding of *Chapman,* 386 U.S. 18, 87 S.Ct. 824. Therefore, we need not rely on the fact that the court was the trier of fact in determining whether the admission of Fuente's statements at the jail was prejudicial error.

## Conclusion

We affirm the trial court's judgment.

All concur.