## STATE of Missouri, Appellant,

### v.

## Nova Daniel HALLIBURTON, Respondent.

### No. 74110.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 6, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1999.

Jeremiah W. (Jay) Nixon, Atty., Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for appellant.

Mary S. Choi, Asst. Public Defender, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

The State of Missouri appeals the trial court's judgment granting Defendant Nova Halliburton's motion to dismiss a charge of class C felony possession of a controlled substance, Section 195.202, RSMo 1994,[1] on the ground that Halliburton possessed only a tiny amount of methamphetamine residue. After a hearing on the motion, the Honorable William L. Syler dismissed the charge. On appeal, the State argues that the trial court could not determine sufficiency of the evidence at a pretrial hearing. We reverse and remand.

## BACKGROUND

When Nova Halliburton was arrested, a pat-down search revealed a syringe containing a brown residue and a few drops of water. Subsequent testing showed that the residue was methamphetamine. On January 15, 1998, Halliburton was charged by information with a class C felony possession of a controlled substance, Section 195.202, a class A misdemeanor of possession of drug paraphernalia, Section 195.233, and a class A misdemeanor of driving with a revoked license, Section 302.02.

On January 30, 1998, Halliburton filed a motion to dismiss arguing that the methamphetamine in the syringe was residue, and the residue could not support a finding that Halliburton knowingly and intentionally possessed the drug itself. At the

hearing on the motion, the State argued that the issue of Halliburton knowingly and intentionally possessing the methamphetamine was a fact issue that should be left for a trial. The judge called Dr. Briner, the Director and Examiner of the Southeast Missouri Regional Crime Laboratory, who testified to the identity and quantity of the substance in the syringe. Specifically, Dr. Briner, after indicating the difficulty in measuring the quantity, testified that the syringe had a brown residue that tested positive for methamphetamine. The prosecutor protested his inability to present further testimony on the other elements of the crime. At the close of the testimony, the Circuit Court granted the motion to dismiss the charge of possession of a controlled substance. After the court granted the motion, Halliburton pled guilty to the two remaining charges. The State appeals the dismissal of the charge of class C felony possession of a controlled substance, Section 195.202.

## DISCUSSION

In its sole point of appeal, the State argues that the trial court erred as a matter of law in granting Halliburton's motion to dismiss because the court could not determine sufficiency of the evidence in a pretrial hearing.

In order to prove possession of a controlled substance, the State must prove defendant knowingly and intentionally possessed the substance and knew of its nature. *State v. Fuente*, 871 S.W.2d 438, 442 (Mo. banc 1994). Knowledge that a defendant possessed a controlled substance may be shown by circumstantial evidence. *State v. Bell*, 719 S.W.2d 763, 765 (Mo. banc 1986). In the present case, the only evidence adduced at the hearing was evidence solicited by the trial court of the identity and quantity of the controlled substance. Thus, the State did not have the opportunity to present its own evidence to prove the elements of the charge. Therefore, the trial court erred when it prema-

---

**1.** All further statutory references are to RSMo 1994 unless otherwise indicated.

turely dismissed the charge. Accordingly, we reverse the trial court's dismissal and remand for a trial on the merits.

ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., concur.