STATE of Missouri, Plaintiff–
Respondent,

v.

Robert G. CATES, Defendant–
Appellant.

No. 22653.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 1999.

Motion for Rehearing or Transfer Denied
Sept. 20, 1999.

Application for Transfer Denied
Oct. 26, 1999.

David Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Robert G. Cates ("Defendant") was charged by felony information with the attempted manufacture of methamphetamine in violation of Section 195.211.[1] A jury found Defendant guilty and sentenced him to seven years. Defendant appeals that conviction asserting error based on the trial court's submission of a verdict director ascribing the incorrect mental state needed to prove the charged offense and, its denial of his motion for acquittal notwithstanding the verdict.

■ Because Defendant in his second point on appeal contests the sufficiency of the evidence supporting his conviction, our "review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). In applying this standard, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence to the contrary. *Id.* Viewed in this light, the evidence most favorable to the verdict shows:

On November 5, 1997, Defendant agreed in exchange for two hundred dollars to allow Scott Guess ("Guess") and Angela Robertson ("Robertson") to manufacture methamphetamine in his apartment. Guess and Robertson arrived at Defendant's apartment that evening with the necessary ingredients and equipment and began to "cook" methamphetamine in his bathroom.

While Guess and Robertson were "cooking" methamphetamine, Defendant went next door to visit with his neighbor, Gina Miller ("Miller"), who lived in an adjoining apartment.[2] Miller mentioned that she noticed a foul smelling chemical odor that was permeating her apartment and asked Defendant if he knew what it could be. Defendant explained to Miller that Guess and Robertson were "cooking" methamphetamine in his bathroom. Defendant, noticing that the strong odor was affecting Miller, took her for a ride so she could "get some air."

Later that evening, Miller's roommate found Miller ill and barely able to see or breathe and drove her to a friend's home where they called the police. When the police arrived, Guess, Robertson, and Defendant were loading manufacturing materials into a pickup and into Defendant's car. Guess and Robertson attempted to flee the scene in the two vehicles but were quickly apprehended. Guess consented to a police search of the vehicles. Inside, the police found numerous items used to manufacture methamphetamine, a recipe for methamphetamine, and a jar of a milky white substance that contained methamphetamine. Behind Defendant's home, the police also discovered another jar containing methamphetamine and sixteen empty

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. Miller and Defendant lived in a trailer that had been divided into two "apartments."

bottles of "mini-thins," a primary ingredient used in methamphetamine production.

In his first point, Defendant alleges that the trial court plainly erred in giving Instruction No. 5, the verdict director for attempted manufacture of a controlled substance.[3] Defendant points out that the instruction ascribed the wrong mental state to Scott Guess and Angela Robertson, as it instructed the jury to find that they acted recklessly rather than knowingly in attempting to manufacture methamphetamine, thus lowering the State's burden of proof.

■ The mental state referred to in the instruction was indeed incorrect. Although the statute prohibiting the manufacture of a controlled substance, Section 195.211, does not expressly set forth a required mental state, Section 562.021.3 provides for one.[4] Section 562.021.3 requires the State to prove that Guess and Robertson either purposely or knowingly attempted to manufacture methamphetamine. Establishing recklessness is not enough.

■ Even though the instruction was clearly in error, Defendant is not automatically entitled to relief. Defendant did not object to the use of the instruction at trial nor did he include such a claim in his motion for a new trial. Thus, the issue has not been preserved for appeal.[5] A defendant "cannot stand idly by, permitting the giving of an erroneous instruction, and then benefit from his inaction." *State v. Hill*, 970 S.W.2d 868, 872 (Mo.App. W.D. 1998). The failure to object to an instruction constitutes a waiver of error. *Id.* Defendant is cognizant of the fact that he did not preserve the question that he now presents for appellate review, and asks that the Court review the issue for plain error under Rule 30.20.[6]

3. Instruction No. 5, patterned on MAI–CR 3d 304.04 and modified by MAI–CR 3d 325.06, read in pertinent part (emphasis added):

    A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other persons in committing it.
    If you find and believe from the evidence beyond a reasonable doubt:
    First, that on or about November 6, 1997, in the County of Wayne, State of Missouri, [Guess] and [Robertson] attempted to manufacture methamphetamine, a controlled substance, by compounding and processing the necessary chemicals in an attempt to produce methamphetamine, and
    Second, that [Guess] and [Robertson] *consciously disregarded a substantial and unjustifiable risk that the substance they attempted to produce was methamphetamine*, a controlled substance,
    then you are instructed that the offense of attempt to manufacture methamphetamine, a controlled substance, has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:
    Third, that with the purpose of promoting or furthering the commission of attempt to manufacture methamphetamine, a controlled substance, the defendant acted together with or aided [Guess] and [Robertson] in committing that offense,
    then you will find the defendant guilty of attempt to manufacture methamphetamine, a controlled substance....

4. Section 562.021.3, RSMo Cum.Supp.1998, states "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state."

5. Rule 28.03, Missouri Rules of Criminal Procedure (1999), states:

    Counsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to the delivery of the instructions and verdict forms. The objections must also be raised in the motion for a new trial in accordance with Rule 29.11.

6. Rule 30.20, Missouri Rules of Criminal Procedure (1999), states:

■ Instructional error seldom rises to the level of plain error. *State v. Busch*, 920 S.W.2d 565, 569 (Mo.App. E.D.1996); *State v. Root*, 820 S.W.2d 682, 688 (Mo. App. S.D.1991). To show that the trial court "plainly erred" in submitting a jury instruction, a defendant "must go beyond a demonstration of mere prejudice." *State v. Davidson*, 941 S.W.2d 732, 736 (Mo.App. E.D.1997). A defendant must establish that the trial judge so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice. *State v. Doolittle*, 896 S.W.2d 27, 29 (Mo. banc 1995). Manifest injustice or miscarriage of justice will result only if it is apparent that the jury's verdict was tainted by the instructional error. *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994).

■ It has been held that no manifest injustice or miscarriage of justice results from the trial court's failure to correctly instruct the jury on an element of the crime that was not in dispute. *See Hill*, 970 S.W.2d at 872; *State v. Newton*, 963 S.W.2d 295, 298 (Mo.App. E.D.1997). The instructional error at issue related to the mental element of the crime charged. At trial, the defense presented was that Defendant was not involved as an accomplice. The defense was not based on the theory that Guess and Robertson were not culpable. In fact, Defendant's counsel acknowledged during trial that Guess and Robertson were involved in illegally manufacturing methamphetamine. In his closing argument, for instance, defense counsel stated:

> [The prosecutor] just gave a wonderful closing argument, if this were the trial of [Robertson] or [Guess]. But we're not trying them today; we're trying [Defendant], sitting right here. Just like I told you when we started this morning, most of the testimony is not being disputed by anyone. We had

three police officers, two deputies, and a state trooper, testify as to stopping those two cars out on the highway. Nothing they said is in dispute. There is no doubt that those two people [Robertson and Guess] were involved in cooking methamphetamine, for whatever reason.

As the Defendant at trial did not dispute the culpable mental states of Guess and Robertson and even implicitly conceded that they were *knowing* participants in the attempted manufacture of methamphetamine, we fail to see how any manifest injustice or miscarriage of justice could result from the trial court's instructional error. Therefore, this point must be denied.

In Defendant's second and final point, he argues that the evidence presented at trial was insufficient to establish that Guess and Robertson acted recklessly in attempting to manufacture a controlled substance and that, consequently, the trial court erred when it denied his motion for acquittal notwithstanding the verdict.

■ In reviewing a challenge to the sufficiency of the evidence to support a conviction, this Court "is limited to a determination of whether there is substantial evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *Chaney*, 967 S.W.2d at 52. Substantial evidence is that from which the trier of fact could reasonably find the issue in conformity with the verdict. *State v. Dees*, 916 S.W.2d 287, 298 (Mo.App. W.D.1995). Further, this Court must accept as true all evidence favorable to the State and disregard all contrary inferences unless they are such a rational extension of the evidence that a reasonable juror would not be able to ignore them. *State v. Grim*, 854 S.W.2d 403, 411 (Mo. banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Here, Defendant contends, and the State does not disagree, that the evidence supports only the single inference that Guess and Robertson acted knowingly in attempting to manufacture methamphetamine. Guess and Robertson had all of the necessary ingredients to make methamphetamine, had all of the equipment needed, and had even manufactured a small amount of methamphetamine before being arrested. Therefore, but for the instructional error, neither side would apparently question the sufficiency of the evidence to support the jury's verdict.

As a result of the instructional error, Defendant, however, contends that the evidence was insufficient to show that Guess and Robertson acted recklessly in attempting to manufacture methamphetamine. Defendant relies on *State v. Isom*, 906 S.W.2d 870 (Mo.App. S.D.1995), to support his contention. In *Isom*, the defendant admitted intentionally shooting the victim but claimed it was in self-defense. *Id.* at 872–873. The jury returned a not guilty verdict on a charge of second degree murder but returned a guilty verdict based on a lesser included offense of involuntary manslaughter, a reckless homicide. *Id.* The conviction was reversed based on insufficient evidence introduced at trial to prove that the defendant's act was anything other than a voluntary, knowing act. *Id.* at 875.

In the instant case, Defendant's reliance on *Isom* is misplaced. Unlike *Isom*, Defendant was not acquitted of a higher offense and found guilty of a lesser included offense that lacked an evidentiary basis. Here, a single verdict-directing instruction was submitted to the jury, and the crime had no lesser included offenses. The matter of concern was not the erroneous inclusion of an entire jury instruction but instead the erroneous inclusion of a mental state of recklessness within an otherwise proper instruction. Moreover, in Defendant's case, recklessness would not have sufficed to establish a culpable mental state for the charged offense of the attempted manufacture of methamphet-

amine. *See* Sections 562.021.3, RSMo Cum.Supp.1998, and 195.211, RSMo 1994, as well as, MAI–CR 3d 325.06. In fact, recklessly attempting to manufacture methamphetamine is not a crime at all. Therefore, it would have been fruitless for the State to present any evidence, even if available, on the reckless nature of Guess and Robertson's attempt to manufacture methamphetamine, as any evidence of such would not have constituted a crime.

In reality, Defendant's claim that there was insufficient evidence adduced at trial to establish recklessness is not an evidentiary claim but rather a circular attack on the verdict director. As such, it is simply a reiteration of Defendant's claim of plain error with regard to Instruction No. 5. Therefore, as mentioned in Defendant's first point, although the verdict-directing instruction erroneously misstated the requisite mental state, no manifest injustice resulted as the mental state of Guess and Robertson was never in dispute at trial. Consequently, Defendant's second point must also be denied.

The judgment is affirmed.

MONTGOMERY, P.J., PREWITT, J., concur.