**STATE of Missouri, Respondent,**

v.

**Mathew J. McGINNESS, Appellant.**

**No. ED 87116.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 27, 2007.

Gwenda R. Robinson, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Mathew McGinness ("Defendant") appeals his convictions for possession of a controlled substance and possession of drug paraphernalia. Defendant raises two points on appeal alleging the trial court erred in: (1) overruling Defendant's motion to quash or dismiss the amended Information, and (2) re-reading to the jury Instruction No. 8. We affirm.

### Facts and Procedural History

The evidence viewed in the light most favorable to the verdict is as follows: On August 11, 2004, Defendant was a passenger in a Toyota Tercel. The driver failed to signal his turn and made a right turn from the center lane. Officers Kaiser and Favazza, who were on patrol, observed the car, ran a check on the license plates and discovered that the plates belonged to a different vehicle. The officers pulled the driver to the side of the street. As the officers exited the police car, Defendant opened the car door, began to exit the car and dropped a white baggie from his right hand onto the ground. Defendant also raised his foot as if he were kicking the baggie under the car. Officer Favazza advised Defendant to return to the car. Defendant re-entered the car and shut the door. Thereafter, Officer Favazza picked up the baggie dropped by Defendant. The baggie was clear and contained two smaller baggies filled with white, off-brown powder, later discovered to be methamphetamine.

Officer Favazza ordered Defendant out of the car, told him he was under arrest, and read him his Miranda rights. The officer also conducted a search of Defendant and found a hypodermic needle in Defendant's pocket. Defendant stated he used the needle to "get high."

The State charged Defendant with possession of methamphetamine and misdemeanor possession of drug paraphernalia. The trial commenced on July 25, 2005. On July 26, the State filed an amended Information, changing the possession of a controlled substance count to a "class B" felony and charging Defendant as a prior drug offender and a prior felony offender. Defendant's counsel filed a motion to quash or dismiss the amended Information on the ground that possession of a controlled substance is a "class C" felony, rather than a "class B" felony. The trial court denied the motion. Defendant presented no evidence.

After deliberation, the jury returned a not guilty and a guilty verdict on each of the two counts. In response, the trial court directed the jury's attention to Instruction Number 8 and re-read Instruction Number 8 to the jury. Thereafter, the trial court returned the jury to the jury room and provided new verdict forms. After further deliberation, the jury returned guilty verdicts on each count.

The trial court sentenced Defendant as a prior drug offender to seven years' imprisonment for possession of a controlled substance and thirty days for possession of drug paraphernalia. Defendant appeals.

### Discussion

■ In Defendant's first point on appeal, he alleges the trial court erred by overruling Defendant's motion to quash or dismiss the amended Information. Defendant claims that as a result of the amendment the State charged him with a different offense and denied him his right to due process, notice of the charged offense and a fair trial. Defendant also claims he was improperly subjected to enhanced punishment.

■ The trial court has the discretion to permit the State to amend the informa-

tion. *State v. Boone Ret. Ctr., Inc.,* 26 S.W.3d 265, 268 (Mo.App. W.D.2000). Accordingly, this Court reviews the trial court's decision for an abuse of discretion. *Id.* at 269.

■ The state may amend an information at any time before a verdict if no additional or different offense is charged and a defendant's substantial rights are not prejudiced. Rule 23.08; *State v. Messa,* 914 S.W.2d 53, 54 (Mo.App. W.D.1996). The test of prejudice is whether the planned defense to the original charge would still be available after the amendment, and whether the defendant's evidence would be applicable before and after the amendment. *Id.* at 54.

■ The State acknowledges that when it amended the allegations in the Information to charge Defendant as a prior drug offender, punishable by Section 195.285 RSMo 2000, the Information incorrectly reclassified the possession offense as a "class B" felony, rather than a "class C" felony. *State v. Ralston,* 39 S.W.3d 546, 551 (Mo.App. W.D.2001). "A sentence enhancement under Section 195.285, however, does not reclassify the underlying conviction."

Nevertheless, the erroneous reclassification does not render the Information fatally deficient. *See State v. Boyd,* 927 S.W.2d 385, 390 (Mo.App. W.D.1996) (noting that citing an incorrect statute or omitting a statutory reference does not necessarily render an information fatally deficient). The test for sufficiency is whether the Information contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense. *Id.* at 389–90. Here, the amended Information charged all of the essential elements of possession of a controlled substance. The classification of the offense was not an essential element and its inclu-

sion in the Information was surplusage. *See Wescott v. State,* 731 S.W.2d 326, 332 (Mo.App. W.D.1987).

Additionally, Defendant has failed to demonstrate that he was prejudiced by the reclassification. The reclassification did not deprive him of the opportunity to assert any defenses that were not also available if the correct classification had been inserted into the Information. Further, Defendant's sentence reflects that he was sentenced for a "class C" felony. *See also State v. Moorehead,* 875 S.W.2d 915, 919 (Mo.App. E.D.1994). We do not find the trial court abused its discretion in denying Defendant's motion to quash or dismiss the amended Information. Point denied.

■ In Defendant's second point, he claims the trial court coerced the verdicts by re-reading to the jury Instruction Number 8, after the jury returned an inconsistent verdict. Specifically, Defendant asserts that the trial court also should have re-read Instruction No. 9.

■ Defendant failed to preserve this issue for review and has requested this Court to review for plain error. *See Rule* 30.20. Instructional error seldom rises to the level of plain error. *State v. Bradshaw,* 26 S.W.3d 461, 472 (Mo.App. W.D. 2000) (internal citation omitted). "To show the trial court 'plainly erred' in submitting a jury instruction, a defendant 'must go beyond a demonstration of mere prejudice.'" *Id.* (internal citations omitted). In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to this Court that the instructional error affected the jury's verdict and caused manifest injustice or a miscarriage of justice. *Id.* (internal citations omitted).

Defendant fails to demonstrate manifest injustice or a miscarriage of justice. One hour after the jury began deliberating, the jury returned with both "not guilty" verdicts and "guilty" verdicts on each count. Upon receiving the verdicts, the trial court stated to the jury:

Ladies and Gentlemen, it appears that we have a problem with the verdict. I'm going to return you back to the jury room. The court is going to direct your attention to Instruction Number 8 and at this time, I will read Instruction Number 8. The defendant is charged with a separate offense in each of the two counts submitted to you. Each count must be considered separately. You should return a separate verdict for each count and you can only return one verdict for each count. Ladies and Gentlemen, I'm going to have to prepare verdict forms and I will have you return to the jury room and I will have the sheriff deliver back to you the *instructions* of the court and new verdict forms.

(emphasis added). Fifteen minutes after receiving the trial court's instructions, the jury returned with guilty verdicts on Count I (felony possession of a controlled substance) and Count II (misdemeanor possession of drug paraphernalia).

■ Defendant correctly "acknowledges that when the trial court is confronted with two inconsistent verdicts, the trial court must reject them and send the jury back for further deliberations to resolve the inconsistency." However, he claims that by re-reading Instruction Number 8, the trial court "impermissibly coerced guilty verdicts." He asserts that Instruction Number 8 included none of the cautionary language from MAI–CR 3d 302.05 (Instruction Number 9) which directs a jury that its verdict, whether guilty or not guilty, must be unanimous, must be agreed to by each juror, and, *inter alia,* must be reached only after considering all the evidence.

■ Defendant's argument lacks merit. A verdict can only be considered coerced when it appears, under the totality of the circumstances, that the trial court was virtually mandating a guilty verdict. *See State v. Evans*, 122 S.W.3d 731, 734 (Mo. App. S.D.2003). Here, there is no question that the initial verdicts were inconsistent. The trial court properly returned the jury to the jury room for further deliberations after reading Instruction Number 8 which explains the requirement for a finding as to each count. Additionally, it appears from the record that the trial court sent back the jury with all of the instructions including Instruction Number 9. This Court presumes the jurors followed all of the instructions given. *See State v. Burke*, 809 S.W.2d 391, 394 (Mo.App. E.D. 1990). Point denied.

### Conclusion

This trial court's judgment is affirmed.

BOOKER T. SHAW, C.J., and GLENN A. NORTON, J., Concur.