STATE of Missouri,
Plaintiff/Respondent,

v.

Lenard CUSHSHON,
Defendant/Appellant.

No. ED 87764.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 3, 2007.

Margaret Mueller Johnston, Assistant Public Defender, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before BOOKER T. SHAW, C.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

PER CURIAM.

### Introduction

A jury convicted Lenard Cushshon (Defendant) of possession of a controlled substance in a correctional facility in violation of section 221.111, RSMo 2000. The trial court sentenced him as a prior and persistent offender to five years' imprisonment. Defendant appeals his conviction, contending the trial court erred in overruling his motion for judgment of acquittal because there is insufficient evidence to support his conviction. We reverse.

### Standard of Review

We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. *State v. Small,* 873 S.W.2d 895, 896 (Mo.App. E.D.1994). In reviewing the sufficiency of the evidence, this Court "accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary." *State v. Grim,* 854 S.W.2d 403, 407 (Mo. banc 1993); *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). However, this Court may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001).

### Statement of Facts and Proceedings Below

On May 8, 2005, Defendant was an inmate in the Lincoln County jail. The Lincoln County jail is organized in "pods," which are large rooms containing eight individual cells with four bunks in each cell as well as a common area. Defendant was assigned to D pod, cell D–5. A fellow inmate, George Ford, was assigned to D pod, cell D–4. A routine cell search of the pod was conducted to ensure, among other things, that each inmate had only one mattress. The inmates are allowed only one

mattress unless there is a medical need for more.

Prior to the search, Defendant and Ford were alone in Ford's cell. Ford removed a mattress from his bunk and placed it on the floor. He then reached into a small hole in the mattress and removed a piece of mattress foam and put it in a shower stall. Defendant then took the mattress back to his own cell and placed it on his bunk.

During the search, a corrections officer discovered a bag of marijuana wrapped in mattress foam in a common shower stall. The officer called for a canine search and the dog alerted on Defendant's mattress.[1] The mattress was searched and the officers found a small amount of loose marijuana in the mattress. The marijuana was not weighed, but an officer estimated at trial that it was about one to two grams.[2] After the search, the officer who had conducted the search watched thirty minutes of the surveillance video of D pod, which showed Defendant and Ford in Ford's cell as outlined above. The surveillance video was destroyed before trial.

The State charged Defendant with possession of the one-two grams of loose marijuana in the mattress. After a trial, a jury convicted Defendant of possession of a controlled substance in a county jail in violation of section 221.111. The trial court sentenced him as a prior and persistent offender to five years' imprisonment. This appeal followed.

*Discussion*

In his sole point on appeal, Defendant contends that the trial court erred in overruling his motion for judgment of acquittal, because the evidence was insufficient to prove beyond a reasonable doubt that Defendant knowingly possessed marijuana or that he had an awareness of the drug's presence and nature. In response, the State contends that the evidence shows Defendant went to Ford's cell and stood there while Ford removed the foam-wrapped baggie of marijuana and hid it in the shower. Defendant then took his mattress and returned it to his cell. The State contends this supports an inference that Defendant knowingly possessed the one-two grams of loose marijuana inside the mattress.

The State charged Defendant with possession of a controlled substance in the premises of a county jail under section 221.111, in that "the defendant, acting in concert with another, had in his possession marijuana, a controlled substance, in the premises of the Lincoln County Jail." Section 221.111.1(1) governs that offense and provides:

1. No person shall knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any county jail or other county correctional facility;

(1) Any controlled substance as that term is defined by law, except upon the written prescription of a licensed physician, dentist, or veterinarian;

1. Although the mattresses are apparently numbered and assigned to a prisoner, the officer did not testify that this mattress was assigned to Defendant. The only testimony concerning the "owner" of the mattress was the officer's testimony that "We conducted an interior sniff of the entire pod. The dog indicated a mattress in Cell D–5, which is the top tier of D pod, Mr. Cushshon's mattress." Viewing the evidence in the light most favorable to the verdict, we draw the inference that the mattress in question was the numbered mattress assigned to Defendant.

2. Possession of less than 35 grams of marijuana is generally a misdemeanor. Section 195.202. However, because Defendant was inside a county jail, he was charged with the class C felony under section 221.111.

Chapter 211 does not define "possess" or "possession." A definition of "possess" is provided in both section 556.061(22), RSMo Cum.Supp.2006, and section 195.010(34), RSMo Cum.Supp.2006. The definitions are similar and have been applied to section 217.360, RSMo Cum.Supp. 2006. *State v. Bradshaw*, 26 S.W.3d 461, 468 (Mo.App. W.D.2000). Section 217.360.1 is virtually identical to section 221.111, except that section 217.360 also applies to any state correctional center. In *State v. Withrow*, the Missouri Supreme Court stated that the criminal code "governs construction of all criminal offenses whether the offense is defined inside or outside the code in the absence of a specific exception." 8 S.W.3d 75, 79 (Mo. banc 1999). As in *Bradshaw*, there is no logical reason to draw any distinction between the definition of possession for section 221.111 and sections 217.360 or 195.202 or the cases interpreting those definitions.

■ Under those definitions, a person "possesses" a controlled substance if the person, with knowledge of the presence and nature of the substance, has actual or constructive possession of the substance. Section 556.061(22); Section 195.010(34). Actual possession occurs when the substance is found on the defendant's person or within easy reach and convenient control. Section 556.061(22). Constructive possession occurs if one has power and intent to exercise dominion or control over the substance either directly or through another person. *Id.* If one person has possession of the controlled substance, possession is sole, or exclusive. *Id.* If two or more persons share possession of the controlled substance, possession is joint. *Id.* Circumstantial evidence is sufficient to show a defendant had either actual or constructive possession, sole or joint. *Bradshaw*, 26 S.W.3d at 468.

■ In this case, there is no evidence that any marijuana was found on Defendant's person or within his easy reach and control when the search was conducted. Accordingly, Defendant was not in actual possession of the marijuana. In the absence of actual possession, the State can only sustain its burden of proof by adducing sufficient evidence that Defendant had the marijuana in his constructive possession.

■ Defendant argues that the State failed to sustain its burden that he constructively possessed the marijuana, because there was no evidence from which a jury could infer that he had exclusive control of the premises. In addition, Defendant contends that where there is joint or multiple control of the premises, the State must adduce further evidence connecting him with the drugs, which it failed to do. The State responds that the cases cited by Defendant interpret joint control under section 195.202 and do not apply to section 221.111. However, section 221.111, although different from section 195.202, RSMo, does require *knowing* possession. Further, as discussed above, we discern no compelling reason to draw a distinction between the definition of possession under section 221.111 and 195.202. Therefore, under section 221.111 we conclude that where multiple persons have access to the premises, an issue of joint control is raised.

In *Ross v. State*, the Western District applied the joint control test to section 217.360. 48 S.W.3d 667, 671 (Mo.App. W.D.2001). The Western District determined that an inference of possession and control arises where a person has exclusive control of the premises. *Id.* However, where joint control of the premises exists, "some further evidence showing that the person has knowledge of the presence of the object and control over the object is necessary." *Id.*

Here, the State offered no evidence of exclusive control, but did offer evidence of at least joint control. Because joint control was an issue, the State was required to adduce "some further evidence" showing that Defendant had knowledge of the presence of marijuana and control over it. *Id.* Based on the record, the State failed to adduce sufficient evidence to permit a reasonable inference that Defendant had knowledge of the presence of the marijuana and control over it. Even viewing the evidence in the light most favorable to the verdict, the evidence, at best, only establishes that for some unknown reason, Ford had Defendant's mattress in Ford's cell. The record does not establish how long Ford had the mattress or whether any other persons had access to the mattress during that time.

The State demonstrated that while Defendant was in Ford's cell, Ford removed something wrapped in foam from the mattress. Defendant, however, was not charged with possessing the foam-wrapped contents. Moreover, the State did not adduce any evidence that Defendant knew what was contained in the foam. The evidence only establishes that Defendant then returned the mattress to his cell. Furthermore, there was no evidence about who had access to Ford's cell or Defendant's cell or who had access to the mattress. Even if this Court accepts as true all of the evidence favorable to the State, and disregards all evidence and inferences to the contrary, there is simply insufficient evidence to show Defendant knowingly possessed the marijuana inside the mattress.

The State asserts in its brief that there is further evidence of Defendant's knowledge of the presence of marijuana because:

There was surveillance footage showing [Defendant] and Ford using [Defendant's] mattress to hide marijuana. The surveillance footage showed [Defendant] exercising control over the mattress as he moved it from one cell to another. The footage also demonstrated that [Defendant] knew there was marijuana inside the mattress which is why he was moving it in the first place.

The State also avers in its brief that "the evidence showed that [Defendant] was using his mattress to conceal marijuana which is why he and Ford got the bag of marijuana out of his mattress and got his mattress back into his cell before his cell was searched." The record does not support these statements. First, no surveillance footage was admitted at trial. Apparently, the footage in question was destroyed by the State. Therefore, the jury never saw any of the footage and instead relied solely upon testimony of the corrections officer.

Second, even assuming the jury properly relied on the corrections officer testimony, the testimony did not establish knowledge and control. The entirety of the officer's testimony on direct about the surveillance is as follows:

Q. And what did you do after you seized the marijuana as evidence?

A. Watched the surveillance—I went back to the control center and watched the surveillance video.

Q. While watching the surveillance video, what did you discover?

A. I saw Inmate Ford remove a mattress from his bunk and place it on the floor. After he placed it on the floor, he removed a piece of foam and put it in the shower stall, and then [Defendant] took the mattress up to his bunk and placed it on his assigned bunk.

Q. Was [Defendant] in the room the entire time Mr. Ford was moving the mattress?

A. Yes, he was.

■ The officer's testimony, even with all reasonable inferences, fails to establish that Defendant knew what Ford was removing from the mattress or that Defendant was removing the mattress from Ford's bunk because of the marijuana. The officer testified that the surveillance video showed Defendant and Ford in Ford's cell when Ford removed the foam-wrapped baggie. However, there was no evidence tending to prove that Defendant knew what was inside the foam-wrapped baggie. Likewise, there was no evidence that when Defendant dragged the mattress to his cell, he was aware that marijuana remained inside the mattress. Although Defendant was in proximity to a person or location with drugs, mere presence of a defendant on the premises where drugs are found is insufficient to prove knowing constructive possession of a controlled substance. *State v. Clifford*, 815 S.W.2d 3, 6 (Mo.App. W.D.1991); *State v. Reynolds*, 669 S.W.2d 582, 584 (Mo.App. E.D.1984).

The State also contends that there are additional facts to support an inference of Defendant's knowledge, because "there is no question" that the mattress belonged to Defendant, he was using it to conceal marijuana, and he "took the mattress back to his bunk while the rest of the inmates waited to exit D-pod so that it could be searched." We have scoured the slender transcript of the trial.[3] There is no testimony that the search was announced to the inmates and that Defendant went to Ford's cell to retrieve the mattress because of this announcement. In addition, as stated above, there was no evidence to support an inference that Defendant, as opposed to Ford or any other inmate, was actually using the mattress to conceal marijuana.

■ The State argues that Defendant's contention that he was not aware of the marijuana simply creates a conflict in the evidence and it was the jury's duty to weigh the evidence and resolve the issue. For this proposition, the State relies upon *State v. Bell*, 719 S.W.2d 763 (Mo. banc 1986). However, the *Bell* case involved a defendant who had actual possession of a marijuana joint in his back pocket. *Id.* at 765. The defendant had asserted that he did not know the marijuana was there because another inmate had given him the package to deliver to a third inmate. *Id.* Where there is evidence that a defendant has actual possession, this by itself gives rise to an inference that he or she had knowledge of the presence and character of the controlled substance. *State v. McCleod*, 186 S.W.3d 439, 444 (Mo.App. W.D.2006). In contrast to this case, *Bell* is not a case involving constructive, joint possession.

■ Finally, the State takes issue with the Defendant's characterization of the amount of marijuana as "flakes." The State argues that possession of *any* amount of a controlled substance in a county jail is sufficient to support a conviction. *See, State v. Patterson*, 824 S.W.2d 117, 122–23 (Mo.App. E.D.1992) (discussing section 217.360, RSMo, which prohibits possession of a controlled substance in a correctional facility). We agree that possession of any amount will support a conviction under section 221.111. However, the accused must have *knowing* possession of that amount. While Defendant does point out the small amount of marijuana, Defendant does not argue that the amount

---

**3.** The trial, including voir dire of the venire and deliberation of the jury to a verdict, took less than one day.

**594** ∎

is so insignificant that it was insufficient to warrant an inference of knowing possession. Even disregarding the insignificance of the amount, there is simply no evidence to support an inference that Defendant had knowing possession of any marijuana. Point granted.

### *Conclusion*

The judgment of conviction is reversed.